| STATE OF NORTH CAROLINA | File No. 20 CVS 16082 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff<br>Ira Jo Hussey | |
|---|---|
| VERSUS | APPLICATION AND ORDER<br>EXTENDING TIME TO<br>FILE COMPLAINT |
| Name Of Defendant<br>Stewart-Haas Racing, LLC. | |

G.S. 1A-1, Rule 3

**APPLICATION**

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

*Name And Purpose Of The Action*
Plaintiff brings this action against defendant in violation of the Age Discrimination in Employment Act and for wrongful discharge in violation of public policy.

Date: 12/8/20
Signature: [signed]

☐ Applicant
☒ Attorney For Applicant

**ORDER**

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

File Complaint On Or Before: December 28, 2020
(Date must be within 20 days of date of Order.)

Date Of Order: 12-08-2020
Signature: [signed]

☒ Assistant Clerk Of Superior Court  ☐ Clerk Of Superior Court

**NOTE:** Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.

| STATE OF NORTH CAROLINA | File No. 20CVS16082 |
|---|---|
| Mecklenburg County | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name And Address Of Plaintiff 1**
Ira Jo Hussey
133 East Morehouse Avenue
Moorseville   NC   28117

**Name And Address Of Plaintiff 2**

## 2020 GENERAL CIVIL ACTION COVER SHEET
☐ INITIAL FILING   ☒ SUBSEQUENT FILING

Rule 5(b), General Rules of Practice For Superior and District Courts

**VERSUS**

**Name Of Defendant 1**
Stewart-Haas Racing, LLC. c/o Cranfill Sumner & Hartzog, LLP.
2907 Providence Road
Suite 200
Charlotte   NC   28211

**Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)**
Joshua R. Van Kampen

| Telephone No. (704) 247-3245 | Cellular Telephone No. |
|---|---|
| NC Attorney Bar No. 32168 | Attorney E-Mail Address josh@vankampenlaw.com |

Summons Submitted ☐ Yes ☐ No

☐ Initial Appearance in Case   ☐ Change of Address

**Name Of Defendant 2**

Name Of Firm: Van Kampen Law, PC
FAX No. (704) 749-2638
Counsel for ☒ All Plaintiffs  ☐ All Defendants  ☐ Only (list party(ies) represented)

Summons Submitted ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING

(check all that apply)
- ☐ Amend (AMND)
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Assess Costs (COST)
- ☐ Answer/Reply (ANSW-Response) *(see Note)*
- ☐ Change Venue (CHVN)
- ☒ Complaint (COMP)
- ☐ Confession Of Judgment (CNJF)
- ☐ Consent Order (CONS)
- ☐ Consolidate (CNSL)
- ☐ Contempt (CNTP)
- ☐ Continue (CNTN)
- ☐ Compel (CMPL)
- ☐ Counterclaim (CTCL) *Assess Court Costs*
- ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
- ☐ Dismiss (DISM) *Assess Court Costs*
- ☐ Exempt/Waive Mediation (EXMD)
- ☐ Extend Statute Of Limitations, Rule 9 (ESOL)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Failure To Join Necessary Party (FJNP)

(check all that apply)
- ☐ Failure To State A Claim (FASC)
- ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
- ☐ Improper Venue/Division (IMVN)
- ☐ Including Attorney's Fees (ATTY)
- ☐ Intervene (INTR)
- ☐ Interplead (OTHR)
- ☐ Lack Of Jurisdiction (Person) (LJPN)
- ☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
- ☐ Modification Of Child Support In IV-D Actions (MSUP)
- ☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
- ☐ Petition To Sue As Indigent (OTHR)
- ☐ Rule 12 Motion In Lieu Of Answer (MDLA)
- ☐ Sanctions (SANC)
- ☐ Set Aside (OTHR)
- ☐ Show Cause (SHOW)
- ☐ Transfer (TRFR)
- ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
- ☐ Vacate/Modify Judgment (VCMD)
- ☐ Withdraw As Counsel (WDCN)
- ☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

AOC-CV-751, Rev. 1/14
© 2014 Administrative Office of the Courts

(Over)

| | CLAIMS FOR RELIEF | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) <br> ☐ Appointment Of Receiver (APRC) <br> ☐ Attachment/Garnishment (ATTC) <br> ☐ Claim And Delivery (CLMD) <br> ☐ Collection On Account (ACCT) <br> ☐ Condemnation (CNDM) <br> ☐ Contract (CNTR) <br> ☐ Discovery Scheduling Order (DSCH) <br> ☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) <br> ☐ Medical Malpractice (MDML) <br> ☐ Minor Settlement (MSTL) <br> ☐ Money Owed (MNYO) <br> ☐ Negligence - Motor Vehicle (MVNG) <br> ☐ Negligence - Other (NEGO) <br> ☐ Motor Vehicle Lien G.S. 44A (MVLN) <br> ☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD) <br> ☐ Real Property (RLPR) <br> ☐ Specific Performance (SPPR) <br> ☐ Other *(specify and list each separately)* |

Date: 12/29/20

Signature Of Attorney/Party: *[signed]*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 1/14
© 2014 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | | File No. 20CVS16082 |
|---|---|---|
| Mecklenburg County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Ira Jo Hussey |
| Address |
| 133 East Morehouse Avenue |
| City, State, Zip |
| Moorseville    NC    28117 |

**CIVIL SUMMONS**
☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)**

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Stewart-Haas Racing, LLC. | |
| | Date(s) Subsequent Summonses(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Stewart-Hass Racing, LLC. c/o Cranfill Sumner & Hartzog, LLP.<br>2907 Providence Road<br>Suite 200<br>Charlotte    NC    28211 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Joshua Van Kampen, Esq.<br>Van Kampen Law, PC.<br>315 East Worthington Avenue<br>Charlotte    NC    28203 | 12-29-20 | 11:53 | ☒ AM ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 6/16
© 2016 Administrative Office of the Courts

|  | **RETURN OF SERVICE** |  |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/16
© 2016 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| MECKLENBURG COUNTY | SUPERIOR COURT DIVISION |
| | CASE NO.: 20 CVS 16082 |

2020 DEC 29 A 11:54
MECKLENBURG CO. C.S.C.
BY _____

IRA JO HUSSEY,

    Plaintiff,

v.

STEWART-HAAS RACING, LLC,

    Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

1. The drivers receive the glory and recognition when they win, but the milliseconds that propel the drivers to the checkered flag and the winner's circle are often won in the trenches where uncanny athletes like Ira Jo Hussey ("Plaintiff" or "Ira") toil in micro-repetitive motions that require an eye-hand coordination second-to-none and ability to operate under extreme pressure under dangerous circumstances. And the front tire changers is the most challenging of all the pit crew positions, and is the most coveted position to race teams vying for a championship. At various times, Ira was Stewart-Haas Racing, LLC's ("Defendant" or "SHR") best front tire changer, and with 22 years of experience under his belt, was regarded as one of the fastest and most consistent in the racing industry. And when his younger teammates were struggling, Ira had the versatility to replace those who were struggling, often at absolutely critical times in the "Race to the Chase." Objectively and in the absence of bias, he should have been a no brainer for retention.

2. But, all those unobserved milliseconds, his documented superiority to many of the other teams front tire changers could not distinguish Ira from one immutable fact. He was 40 years old when SHR was making pit crew decisions for the 2019 race season. SHR Pit Crew Lead Supervisor, Daniel Knaus ("Mr. Knaus") did not mince words and was unapologetic; he bluntly told Ira he was "too old and SHR was looking for younger talent." Those nine words sealed the end of Ira's career with SHR.

3. "Be a better human, be kind, be educated, but don't be taken advantage of." These words resonate with Ira, and he often repeats that mantra to his children. That adage helped propel him in his career and now they fuel his commitment to pursue legal action against SHR, not just for himself, but for other expendable "aging" pit crew members who are next to be discarded on the scrap heap of the industry through no fault of their own. Ira's decision to take a stand also probably sealed the end of his career in NASCAR. You don't complain in NASCAR and you certainly don't pursue your legal rights. Teams should have been lining up to sign Ira; instead the only line forming for him was his place on the unemployment line. Forced to make ends meet, he is completely out of the sport and working a job that requires none of the raw talent with which he was born.

4. North Carolina and federal law do not permit an employer to treat employees age 40 and over more harshly than their younger counterparts; NASCAR is no different. However, the manner in which Defendant heedlessly terminated Ira demonstrates that Defendant weighed age, a protected category, in making termination selections. Accordingly, Plaintiff turns to this Court to remedy this wrong by holding Defendant accountable for its actions. Plaintiff brings claims against Defendant for violations of the Age Discrimination in Employment Act of 1976 ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count I) and for Wrongful Discharge in Violation of North Carolina Public Policy ("WDPP"), pursuant to N.C. Gen. Stat. § 143-422 *et seq.* (Count II).

## II. PARTIES, JURISDICTION, AND VENUE

5. Plaintiff, a 42-year-old Caucasian male, is a resident of Mecklenburg County, North Carolina.

6. Defendant is, and at all relevant times was, a North Carolina limited liability company with 15 or more employees.

7. Defendant's registered place of business is located at 6000 Monroe Road, Suite 350, Charlotte, North Carolina 28212.

8. Defendant's principal place of business is located at 6001 Haas Way, Kannapolis, North Carolina 28081.

9. Plaintiff worked for Defendant at its 6001 Haas Way, Kannapolis, North Carolina location.

10. Plaintiff was an "employee" within the meaning of N.C. Gen. Stat § 143-422.2 *et seq.*

11. Plaintiff seeks damages in a sum sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243 *et seq.*

12. Venue is proper in Mecklenburg County Superior Court pursuant to N.C. Gen. Stat. § 1-79(a)(1) and N.C. Gen. Stat. § 1-82.

## III. FACTUAL STATEMENT

13. Ira was born in Lawrence, Massachusetts on October 23, 1978. Ira's father was a carpenter, and his mother was a seamstress. Ira looked up to his parents, and their example of hard work and humility made an impression on him from young age. These core principles would follow Ira throughout his adult life.

14. Growing up, family was extremely important to Ira, and he seized any opportunity to spend time with them. These close family ties, specifically with his uncle who worked on a race

3

team, introduced Ira to the racing industry early in his life. In fact, Ira's uncle jumpstarted his career by offering him his first job working for a race team for the first three years of his career. From there, Ira began to work his way up the ladder of the racing industry by venturing out to other race teams.

15. In or around December 2010, Defendant hired Ira to work as a front tire changer and rear suspension specialist. Front tire changers are one of the "over-the-wall" pit crew positions and suspension specialists are one of the race shop mechanic positions.

16. Ira received numerous promotions and bonuses during his time at SHR.

17. Ira was truly passionate about his work, contributed significantly to the SHR's success, always conducted himself in a professional manner, and was well respected throughout the racing community.

18. During his employment with SHR, Ira's performance reviews were always above average as he received excellent, outstanding, or exceptional evaluations.

19. In or around October 2014, Ira was transferred from car #14 pit crew to car #4, which went on to win the Championship.

20. In or around January 2015, Ira began working in the pit equipment room building pit guns and jacks.

21. In or around the summer of 2016, Ira moved to the car #13 for the remainder of the season.

22. In or around January 2017, SHR Director of Competition, Greg Zipadelli ("Mr. Zipadelli"), and SHR Head of Pit Department, Walter Smith ("Mr. Smith"), transferred Ira to car #14 because he was a seasoned industry veteran and the "young guys weren't getting it done." With teams gearing up to go into "The Chase" (the chase for the championship), Mr. Smith and

4

Mr. Zipadelli indicated that Ira's three (3) championships would give car #14 the best chance at a championship spot.

23. Shortly after Ira's transfer to car #14, NASCAR announced that they would be dropping one (1) member from all over-the-wall pit crews.

24. In response to NASCAR's announcement, Defendant also announced that everyone with SHR, with the exception of car #4 and car #41 pit crew members, would need to compete for positions on pit crews.

25. Although Ira's pit crew times were at the top of the leaderboard, he was assigned to car #34 for the remainder of the 2017 season and part of the 2018 season.

26. In or around August 2018, Ira was moved from car #34 and back to car #14. Mr. Smith informed Ira that this move was based on Ira's history of performing under pressure and his experience on championship cars.

27. After Ira's transfer to car #14, the pit crew performance increased noticeably. In fact, car #14 made the playoffs that year and finished in the top eight (8).

28. Ira's exceptional performance was recognized by Mr. Knaus. When referring to Ira's work, Mr. Knaus stated that he was "killing it on the right front (tire) and nobody is better than you at setting the right front tire down."

29. However, on or around November 18, 2018, Mr. Knaus informed Ira that Defendant was not going to extend Ira's contract. This decision was not based of performance, but because he was "too old and they were looking to recruit younger talent" on the pit crew.

30. When Ira inquired about keeping his mechanic position in the race shop, Mr. Knaus told him that he was under the impression that Ira "did not want a shop job."

31. This came as a shock to Ira as both Mr. Smith and Mr. Zipadelli reassured him of his secured spot as a front tire changer with car #14 for the upcoming season.

32. Further, Ira did not understand Mr. Knaus' assumption that Ira did not want his mechanic job since most pit crew members take an equal amount of pride in their pit job as their race shop job. Further, it was well known that shop jobs were common transitions for pit crew guys.

33. Ira's last day of employment was on or about November 18, 2018.

34. No other objective reason or justification was offered to justify SHR's decision not to extend Ira's employment.

35. SHR has admitted that Ira's age was the determining factor in his termination.

36. Furthermore, Ira's termination occurred against the backdrop of many other older employees also suddenly becoming expendable and unnecessary.

   a) In or around May 2018, Defendant released Mr. Smith, who was in his 50s.

   b) On or around May 2018, Pit Coach Kevin Sharpe (52) was terminated.

   c) On or around November 18, 2018, Defendant also released Pit Crew Member Matt Holzbaur four months shy of his 40th birthday.

37. Since Ira's termination, he has been unable to revive his career in the industry and is now out of the sport.

38. Ira has suffered emotionally and financially as a result of the actions by SHR.

39. Unfortunately, SHR has refused to reinstate Ira or otherwise amicably resolve this matter.

40. Ira has exhausted his administrative remedies by first filing a charge with the Equal Employment Opportunity Commission and timely initiating this legal action within the requisite 90 days of receipt of his Notice of Right to Sue.

## IV. LEGAL CLAIMS

### COUNT ONE

*(Violations of the Age Discrimination and Employment Act of 1967)*

41. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

42. Defendant violated the Age Discrimination and Employment Act of 1967 ("ADEA") by terminating Plaintiff from his pit crew duties and not retaining him in his shop position because of his age.

43. As a proximate result of Defendant's conduct, Plaintiff has suffered lost income, diminished earning capacity, emotional distress, anxiety, humiliation, expenses, reputational harm and other damages and is entitled to recover consequential damages and compensatory damages in an amount sum sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243.

44. Defendant's actions were done in a manner demonstrating it knew, should have known or was otherwise reckless to the fact that its actions were unlawful. As a result of Defendant's conduct, Plaintiff is entitled to recover liquidated damages in an amount sum sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243.

### COUNT TWO

*(Wrongful Discharge in Violation of Public Policy)*

7

45. The allegations contained in the foregoing paragraphs are incorporated by reference herein.

46. The public policy of the State of North Carolina, as set forth in the Equal Employment Practices Act, N.C. Gen. Stat. § 143-422 *et seq.*, prohibits employers from discriminating against an employee because of the employee's age.

47. Defendant violated this public policy by terminating Plaintiff from his pit crew duties and not retaining him in his shop position.

48. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered lost income and fringe benefits, lost retirement benefits, diminished earning capacity, damage to reputation, consequential damages, emotional distress, anxiety, humiliation and other damages, and is entitled to recover compensatory damages in an amount sum sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243.

49. Defendant's actions were done maliciously, willfully or wantonly and in a manner that demonstrates a reckless disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover punitive damages from Defendant pursuant to N.C. Gen. Stat. § 1D-15 in an amount sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243.

## JURY TRIAL DEMANDED

WHEREFORE, Plaintiff prays the Court to:

1. Enter a judgment against Defendant and order Defendant to pay Plaintiff compensatory damages in excess of an amount sum sufficient that subject matter jurisdiction is properly vested in the Superior Court division pursuant to N.C. Gen. Stat. § 7A-243 and punitive damages;

8
Case 3:21-cv-00045-GCM   Document 1-1   Filed 01/28/21   Page 13 of 17

2. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this action;

3. Award Plaintiff such other and further equitable relief as the Court deems appropriate under the circumstances, including reinstatement to her previous position or front pay; and

4. Grant Plaintiff a trial of this matter by a jury.

This the 29th day of December, 2020.

                                                        Joshua R. Van Kampen (NC Bar No. 32168)
Nicole K. Haynes (NC Bar No. 47793)
Michael G. Morrison II (NC Bar No. 55177)
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: josh@vankampenlaw.com
Email: nicole@vankampenlaw.com
Email: michael@vankampenlaw.com
*Attorneys for Plaintiff*

9

# CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY CERTIFIES that the pleading to which this certificate is attached was served upon each party to this action via e-mail and by first class mail to the attorney of record for each party, or to the party, at their last known address, as stated below.

Virginia Wooten, Esq.
Cranfill Sumner & Hortzog, LLP.
2907 Providence Road, Suite 200,
Charlotte, NC 28211
(704) 940-3401
(704) 831-5549
vwooten@cshlaw.com
*Attorneys for Defendant(s)*

This the 29 day of December, 2020

Joshua R. Van Kampen (N.C. Bar No.: 32168)
Nicole K. Haynes (N.C. Bar No.: 47793)
Michael G. Morrison II (N.C. Bar No.: 55177)
315 East Worthington Avenue
Charlotte, North Carolina 28203
Phone: (704) 247-3245
Fax: (704) 749-2638
Email: Josh@vankampenlaw.com
Email: Nicole@vankampenlaw.com
Email: Michael@vankampenlaw.com
*Attorneys for Plaintiff(s)*

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| --- | --- |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 20 CVS 16082 |

IRA JO HUSSEY,

    Plaintiff,

v.

STEWART-HAAS RACING, LLC,

    Defendant.

**ACCEPTANCE OF SERVICE**

I, Virginia M. Wooten, Attorney for Defendant Stewart-Haas Racing, LLC, hereby accept service of the Civil Summons and Complaint and acknowledge receipt of a copy of the same in this proceeding in the Superior Court Division of Mecklenburg County, North Carolina, and service by an officer is hereby expressly waived.

I, Virginia M. Wooten, Attorney for Defendant Stewart-Haas Racing, LLC, do hereby certify that I have the authority to execute the Acceptance of Service on behalf of Defendant Stewart-Haas Racing, LLC.

Service of the Civil Summons and Complaint is deemed accepted as of January 8, 2021.

This the 8th day of January, 2021.

CRANFILL SUMNER & HARTZOG, LLP

BY: _____
VIRGINIA M. WOOTEN, State Bar #48180
*Attorney for Defendant*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E: vwooten@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the attached *Acceptance of Service* on all of the parties to this cause by:

☐ Hand delivering a copy hereof to the attorney for each said party addressed as follows:

☒ Depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the attorney for each said party as follows:

☐ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to the attorney for each said party as follows:

☐ Telecopying a copy hereof to the attorney for each said party as follows:

Joshua R. Van Kampen
Nicole K. Haynes
Michael G. Morrison, II
Van Kampen Law, PC
315 East Worthington Avenue
Charlotte, North Carolina 28203
F: 704-749-2638
E: josh@vankampenlaw.com
E: nicole@vankampenlaw.com
E: michael@vankampenlaw.com

This the 8th day of January, 2021.

CRANFILL SUMNER & HARTZOG, LLP

BY: _____
VIRGINIA M. WOOTEN, State Bar #48180
*Attorney for Defendant*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
E: vwooten@cshlaw.com